# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| QIANA C. SHEPPARD, <br><br> Plaintiff, <br> v. <br><br> LAW OFFICES OF ROSS GELFAND, LLC, <br><br> Defendant. | Civil Action File No: <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff QIANA C. SHEPPARD, by and through counsel, brings this action against Defendant LAW OFFICES OF ROSS GELFAND, LLC on the grounds set forth herein.

## I. INTRODUCTION

1. This action is brought for actual and statutory damages, attorney's fees, and costs of litigation pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Count I); and damages for committing the common law tort of abusive collection and harassment (Count II).

## II. JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15

U.S.C. § 1692k(d).

3. Venue is proper in this district because the acts and transactions occurred here, Plaintiff resides here, Defendant transacts business here, and Defendant's registered agent is located here.

### III. PARTIES

4. Plaintiff is a natural person who resides in Cobb County, Georgia.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA.  15 U.S.C. § 1692a(3).

6. Defendant is a limited liability company under the laws of the State of Georgia.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant's registered agent is Ross Gelfand.

9. Defendant's registered agent may be served at his principal office address: 1265 Minhinette Dr., Suite 150, Georgia  30075.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff defaulted on an automobile loan (the "Account").

11. The Account was used primarily for personal, family and household purposes.

12. The Account was assigned or transferred to Defendant for collections.

13. Defendant uses telephone communications in its business.

14. Defendant's employee, Sheree Williams ("Williams"), left a message with a co-worker of Plaintiff for Plaintiff to call Defendant.

15. Williams is an account manager for Defendant.

16. Defendant knew or should have known that such third-party contact with Plaintiff's employer was a violation of the FDCPA and harassing.

17. Williams left a second message with Plaintiff's employer.

18. Williams asked that Plaintiff call Williams.

19. Defendant knew or should have known that such third-party contact with Plaintiff's employer was a violation of the FDCPA and harassing.

20. In the messages that Williams left with Plaintiff's employer, Williams stated that she was with attorney Ross Gelfand.

21. Each message that Williams and other employees of Defendant left for Plaintiff through Plaintiff's employer failed to state that the call was a communication from a debt collector.

22. The messages that Defendant's employees left for Plaintiff through Plaintiff's employer failed to state that any information obtained would be used for collection purposes.

23. Williams was given the opportunity to leave voice mail messages on Plaintiff's voice mailbox.

24. Messages on Plaintiff's voice mailbox would have been private.

25. Rather than leave messages on Plaintiff's private voice mailbox, Williams intentionally left messages with Plaintiff's employer.

26. Defendant left messages with Plaintiff's employer to harass Plaintiff.

27. Defendant left messages with Plaintiff's employer to embarrass Plaintiff.

28. Defendant left messages with Plaintiff's employer to coerce Plaintiff to contact Defendant.

29. Defendant made unauthorized withdrawals from Plaintiff's checking account.

30. Defendant failed to refund the unauthorized withdrawals it made from Plaintiff's checking account.

31. Defendant made false statements to Plaintiff regarding the withdrawals that Defendant made from Plaintiff's checking account.

32. Defendant caused Plaintiff to incur overdraft fees on her checking account.

33. Defendant failed to refund the overdraft fees that Defendant caused Plaintiff to incur.

34. Defendant deprived Plaintiff of the use of funds in Plaintiff's checking account.

35. Defendant caused Plaintiff to spend unnecessary time and money to recover the unauthorized withdrawals that Defendant made from Plaintiff's checking account.

36. Defendant caused Plaintiff to spend unnecessary time and money to recover the overdraft fees Plaintiff incurred as a result of Defendant's unauthorized withdrawals from Plaintiff's checking account.

37. As a result of Defendant's conduct, Plaintiff suffered emotional distress including but not limited to frustration, anxiety, worry, fear and anger.

38. Defendant's conduct was harassing and constituted unreasonable bill-collecting procedures.

39. Defendant's failure to refund Plaintiff's money to Plaintiff's checking account was unconscionable, inconsiderate and illegal.

*Respondeat Superior Liability*

40. The acts and omissions of Defendant's employees who acted as agents for Defendant were committed within the time and space limits of their agency relationship with their principal, Defendant.

41. The acts and omissions by Defendant's employees who acted as agents for Defendant were incidental to, or of the same general nature as the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

42. By committing these acts and omissions against Plaintiff, Defendant's employees and agents were motivated to benefit their principal, Defendant.

43. Defendant is therefore liable to Plaintiff through the doctrine of *respondeat superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Georgia law.

## V. CAUSES OF ACTION

### COUNT I: VIOLATIONS OF THE FDCPA

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The conduct of Defendant violated numerous and multiple provisions of the FDCPA, including but not limited to provisions cited herein.

46. Defendant violated 15 U.S.C. §§ 1692b(1), 1692b(3), and 1692c(b) by, among other things, contacting Plaintiff's employer.

47. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d.

48. Defendant made false, deceptive and misleading representations in connection with collecting a debt, in violation of 15 U.S.C. § 1692e.

49. Defendant made false representations in the collection of a debt, in violation of 15 U.S.C. § 1692e(10).

50. Defendant communicated with Plaintiff without including the "mini-Miranda" warning in violation of 15 U.S.C. § 1692e(11).

51. Defendant engaged in unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

52. 15 U.S.C. § 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

53. Defendant violated 15 U.S.C. § 1692f(1) when Defendant withdrew money from Plaintiff's checking account without authorization.

54. The foregoing acts and omissions of Defendant violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§

1692b(1), 1692b(3), 1692c(b), 1692d, 1692e, 1692e(10), 1692e(11), 1692f, and 1692f (1).

55. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual and statutory damages.

56. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II: TORT OF ABUSIVE COLLECTION AND HARRASSMENT

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Georgia recognizes the common law tort of abusive collection and harassment.

59. Defendant's conduct was harassing and abusive.

60. Defendant's conduct violated Georgia law and constituted abusive collection and harassment.

61. As a result of Defendant's tortious conduct, Plaintiff is entitled to damages and all other relief permitted by Georgia law.

## VI. TRIAL BY JURY

62. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

- for an award of statutory damages in the amount of $1,000.00 pursuant to the FDCPA;

- for an award of actual damages pursuant to the FDCPA;

- for an award of costs of litigation and reasonable attorney's fees pursuant to the FDCPA;

- for an award of damages for Defendant's conduct in violation of Georgia law; and

- for such other and further relief as may be just and proper.

Dated: November 26, 2013                    Respectfully submitted,

                                            **THE KOVAL FIRM, LLC**

                                            By: s/Steven H. Koval
                                            Steven H. Koval
                                            Attorney for Plaintiff
                                            Georgia Bar No. 428905

                                            3575 Piedmont Road
                                            15 Piedmont Center, Suite 120
                                            Atlanta, GA  30305
                                            Telephone:  (404) 513-6651
                                            Facsimile: (404) 549-4654
                                            SHKoval@aol.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

This 26th day of November, 2013.


s/Steven H. Koval
Steven H. Koval
Attorney at Law
Georgia Bar No. 428905

THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
E-mail:  SHKoval@aol.com